## UNITED STATES DISTRICT COURT.

### In the Matter of ALEXANDER FREAR, a Bankrupt.

Where one who was a member of a late firm files his individual petition in bankruptcy, all his creditors can prove their claims, whether individual or partnership. Partnership assets must be administered according to the 36th section of the bankrupt act, and so must the assets of the separate estate of the bankrupt.

*Southern District of New York,* 1868.

I, John Fitch, one of the registers of said court in bankruptcy, do hereby certify that, in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit.: Brown, Hall & Vanderpoel, for the bankrupt; Martin & Smith, for Bauendahl & Co.; Matthews & Betts, Chapman, Scott & Crowell, and S. T. Freeman, for various creditors; also, Richard J. McCurdy in person, and for Aldrich, McCurdy & Co.

I deem it the duty of the register, in deciding questions involving the construction of the bankrupt act, to examine the question presented in all its bearings; examine the authorities applicable to the case, and give an opinion in the matter upon the law of the case, which will enable the district judge to decide the case by reversing or affirming the opinion of the register. This course lessens the arduous duties of the district judge, and relieves him of some of the most difficult and laborious part of his duties.

On the 19th day of February, A. D., 1868, the above named petitioner filed his individual petition in the prescribed form (No. 1), praying that he might be adjudged by the court to be a bankrupt, and have a discharge from all his debts provable under the bankruptcy act.. There is no reference in the petition to co-partnership debts, but the schedules annexed show the petitioner was a member of the late co-partnership firm of Alexander Frear & Co., which was dissolved more than six months prior to the filing of said petition, and a large number of debts contracted by said co-partnership are set forth in said schedules, including the debt to Bauendahl & Co., and the other creditors who have proved their claims.

The petitioner has been duly adjudged a bankrupt, and at the meeting of creditors, Bauendahl & Co. presented against the estate of said petitioner proof of a debt which was contracted by the said firm of Alexander Frear & Co.; to this the attorney for the petitioner objected, upon the ground that co-partnership debts could not be proved herein, and urged that the indebtedness sought to be proved was a debt of the said firm of Alexander Frear & Co., and not his (the petitioner's) debt, within the meaning of the bankrupt act.

The attorney for said Bauendahl & Co. insisted that the fact that others were liable with the petitioner on this debt made no difference; that the co-partnership of Alexander Frear & Co. being dissolved, the debt was the joint and several debt of the persons who composed said co-partnership; that the creditor could enforce its collection from the individual property of the petitioner; and that proof of it should be received, and that a creditor has a right to prove the same.

The following question of law arises thereon:

Where a person who was a member of a late co-partnership files his individual petition under the bankrupt act, praying for a certificate of discharge from all his debts, can all his creditors prove their claims against him, or are his

individual creditors alone entitled to come in and prove their claims?

Section 19 of the bankrupt act, approved March 2, 1867, allows a party to prove any debt he may have against a petitioner; but the proof of the claim or debt does not by any means conclude the petitioner or any of the petitioner's creditors—he or they may contest the claim so proved upon any legal ground authorized by law. The act expressly allows the petitioner to object to all debts barred by the statute of limitations; yet such a claim, if proved, and not objected to by the petitioner or a creditor, must be allowed by the court, and the assignee must receive it as a claim entitled to its share of the dividend. The same rule applies to a debt which by a state law may have been discharged by a state insolvent law, which, as between the citizens of the same state, is binding and effectual in the state courts, and also United States courts, but not as between citizens of different states. (3 *Selden*, 300; *Kelly* agt. *Drury*, 9 *Allen*; *Baldwin* agt. *The Bank of Newburgh*, 1 *Wallace*, 234, at *p.* 239; *Worthington* agt. *Jerome*, Justice NELSON, *Manuscript case.*)

My view of the case is this, that any claim that the creditor could prosecute and recover as against the petitioner, in a suit in the district court, can be proved and must be allowed in the proceedings in bankruptcy, as the law makes the proceedings a suit of the debtor against his creditors, merely reversing the manner of proceedings. This brings up the question, could the creditor sue for and recover in the district or circuit court the debt or demand he now seeks to maintain against the objection of the petitioner? It must be allowed as the same rule of law in regard to the debts that can be allowed in bankruptcy must govern at the circuit; as I conceive it to be plain that, if the claimant could not obtain a judgment upon the claim, he cannot participate in the proceeds of the petitioner's estate.

By the law of this state, a partner is liable personally for

Matter of Frear.

the debts of the co-partnership to the entire indebtedness of the firm; the debt of the firm is as much the debt of the individual as of the firm; and after the property of the firm or corporation is exhausted, and there still remain claims or debts unsatisfied, the individual property of the members of the firm or co-partnership can be taken in execution to pay the firm debts. Therefore, I hold that debts due by a firm are so far the debts of each member of the firm that any creditor of the firm can prove their debts due them from the co-partnership as against any member of the firm, whether he petition as an individual or as a member of a firm, or of a late firm; the petitioner is liable both as an individual and as a co-partner; is jointly as well as severally liable upon a contract, whether made as an individual or as a member of a firm.

The discharge of the petitioner would not in any manner affect the claim of the creditor against the members of the co-partnership, their claim against the others would remain the same; but should there be any money paid upon their claim, it would reduce the amount due upon the debt the amount so paid; the bankrupt would be discharged from the debt. It operates the same as the death of a bankrupt with no estate.

The ground taken by Brown, Hall & Vanderpoel, for the bankrupt, would not only defeat the intent of the framers of the bankrupt law, but would render the discharge of the petitioner worthless, as he would remain indebted upon all the co-partnership debts, which constitute most of his indebtedness; also renders most of the discharges in this district already granted worthless, and laying the foundation for endless litigation.

The bankrupt law is analogous to the insolvent law of this state, known as the two-third act. By that act a discharge cuts off all debts, co-partnership as well as individual. The supreme court, in the wording of the form of the petition, evidently intended that the petitioner should be discharged

from all his debts, individual as well as otherwise. The provisions of the bankrupt law contemplate the entire discharge of the petitioner; no reservations are made, no partial discharge provided for. All claims of whatever nature are provable, whenever an action at law or in equity could be maintained against a petitioner. The claim upon which said action could be maintained can also be proved, subject to the same defense as in a court of law.

By section 4 of the bankrupt act, the register is empowered to take proof of debts, " and all " depositions of persons and witnesses taken before said register shall be reduced to writing, be signed by him, and filed in the clerk's office of the district court, as part of the proceedings. (§ 5, *Bankrupt Act*.)

By section 8 of the bankrupt act, " and any creditor whose claim is wholly or in part rejected may appeal, &c."

By section 11 of the bankrupt act, the petitioner, in his petition, must state his "willingness to surrender all his assets for the benefit of his creditors." His schedule must contain a full and true statement of all his creditors. Why require this to be done, unless his creditors could prove their debts against his estate ? The " sum due each creditor, also the nature of each debt or demand," must be stated. Is it probable that congress would have required the petitioner to set forth the name of each creditor, the amount and consideration of each debt, unless the holder and owner of the debt could prove the same and share in the proceeds of the estate ? "also to annex an inventory of all his assets, both real and personal?" The estate of a petitioner may consist of every imaginable piece of property, held jointly with others, and his interest therein must be taken by the assignee.

All debts due by the petitioner may be proved, and he will be discharged from them, be they individual or co-partnership debts.

By section 13, bankrupt act, a creditor who has proved

Matter of Frear.

his claim may request the judge to require the assignee to give bond, &c.

Section 14, bankrupt act, vests in the assignee all the bankrupt's property, including co-partnership effects. By section 14 of bankrupt act, the petitioner is compelled to make a transfer to the assignee of his assets, and any interest in any co-partnership is an asset.

If an attachment should have been issued against the property of the petitioner, and a levy made upon the property of the petitioner, and that property have been an interest in a co-partnership, such attachment, if made within six months, would be set aside and the assignee in bankruptcy would take the effects, be they co-partnership or otherwise.

For the reasons above given, and upon a careful review of the law applicable to this case, I hold that the debt was provable, and allowed the claim to be proved as a debt against the estate of the bankrupt. Brown, Hall & Vanderpoel, attorneys for the petitioner, objected, and asked that the same should be certified to his honor the district judge,

JOHN FITCH, *Register.*

BLATCHFORD, J. The debt in question is provable, whether there are any assets of the co-partnership or not. If there are any such assets, they must be administered according to the provisions of section 36 of the act, and so must the assets of the separate estate of the bankrupt.

The clerk will certify this decision to the register, John Fitch, Esquire.